IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SEBASTIAN GEORGE SILEA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:23-cv-1079-ALM-KPJ |
| TAYLOR ALEXA WILEY and GRAHAM CLARK WILEY, | § § § § | |
| Defendants. | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Defendants Taylor Alexa Wiley ("Ms. Wiley") and Graham Clark Wiley's ("Mr. Wiley") (collectively, "Defendants") 12(b)(1) and 12(b)(6) Motion to Dismiss (the "Motion to Dismiss") (Dkt. 7), to which Plaintiff Sebastian George Silea ("Plaintiff") filed a response (the "Response") (Dkt. 9), and Defendants filed a reply (the "Reply") (Dkt. 10). For the reasons that follow, the Court recommends that the Motion to Dismiss (Dkt. 7) be **GRANTED**, and this case be **DISMISSED WITHOUT PREJUDICE**.

### I.   BACKGROUND

On December 6, 2023, Plaintiff initiated this action by filing a complaint (the "Complaint") (Dkt. 1) against Defendants. *See* Dkt. 1. In the Complaint (Dkt. 1), Plaintiff alleges that he is a "resident of Collin County, Texas," Ms. Wiley is a "resident of Mclennan [sic] County, Texas," and Mr. Wiley is a "resident of Douglas County, Colorado." *Id.* at 4. Plaintiff further alleges that in November 2021, Defendants "lured" him to Baylor University ("Baylor") to serve him with "paperwork" pursuant to Title IX of the Civil Rights Act of 1964 ("Title IX"). *See id.* at 5.

1

According to Plaintiff, Defendants served him with such "paperwork" because they claimed he raped Ms. Wiley at gunpoint. *Id.*

Plaintiff further alleges that he was arrested at the Baylor campus for "stalking, drugs, [and] assault, amongst other charges/accusations." *Id.* Plaintiff asserts that these charges were false, as evidenced by the fact that the assault charge was eventually "dropped," and he was let "off very easy." *Id.* As a result of Defendants' accusations, Plaintiff asserts that his "image has been destroyed," in addition to "all future earnings and any relationships [he] had ever built." *Id.* at 6. Plaintiff further alleges that a number of news media published stories regarding this incident, each of which was based on Defendants' "malicious lies." *Id.* According to Plaintiff, these news articles are "libelous" and exposed him "to hatred, contempt, ridicule[,] and obloquy." *Id.* Based thereon, Plaintiff seeks $700,000,000.00 in damages. *Id.* at 7. While the Complaint (Dkt. 1) does not include a "short and plain statement of the grounds for the court's jurisdiction," as required by Rule 8 of the Federal Rules of Civil Procedure, FED. R. CIV. P. 8(a)(1), Plaintiff indicates that the basis for the Court's jurisdiction is "diversity." Dkt. 1-1.

On February 20, 2024, Defendants filed the Motion to Dismiss (Dkt. 7) asserting, among other things, that the Court lacks subject matter jurisdiction over this case. *See* Dkt. 7. On March 7, 2024, Plaintiff filed the Response (Dkt. 9). *See* Dkt. 9. On March 13, 2024, Defendants filed the Reply (Dkt. 10).

## II.   LEGAL STANDARD

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). It is well established that the "party invoking federal subject-matter jurisdiction has [the] burden of pleading and

proving it." *Maxwell v. Kight*, 974 F. Supp. 899, 902 (E.D. Tex. 1996) (citing *Epps v. Bexar-Medina-Atascosa Cntys. Water Improvement Dist. No. 1*, 665 F.2d 594, 595 (5th Cir. 1982)). Such a party "has the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009) (citing *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008)). A dismissal for lack of subject matter jurisdiction is without prejudice, as it is "not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Mitchell v. Bailey*, 982 F.3d 937, 944 (5th Cir. 2020) (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)) (internal quotation marks omitted).

"In the Fifth Circuit, subject-matter jurisdiction determinations may be made using any one of the following bases: '(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *Maxwell*, 974 F. Supp. at 902 (quoting *Barrett Comput. Servs., Inc. v. PDA, Inc.*, 884 F.2d 214, 220 (5th Cir. 1989)). Thus, the Court may consider evidence outside the pleadings, such as testimony and affidavits. *See Superior MRI Servs., Inc. v. All. Healthcare Servs., Inc.*, 778 F.3d 502, 504 (5th Cir. 2015) (citations omitted).

### III.   ANALYSIS

In the Motion to Dismiss (Dkt. 7), Defendants argue, *inter alia*,[1] that "this Court lacks subject matter jurisdiction." Dkt. 7 at 12. Specifically, Defendants argue that Plaintiff does not allege that the parties are completely diverse and, instead, affirmatively alleges that Plaintiff and

---

[1] Given the absence of subject matter jurisdiction, the Court does not reach Defendants' remaining arguments. *See Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 384 (5th Cir. 2017) ("The court must address challenges to subject-matter jurisdiction before reaching the merits of a case." (citing *Del-Ray Battery Co. v. Douglas Battery Co.*, 635 F.3d 725, 729 (5th Cir. 2011))).

Ms. Wiley reside in Texas. *See id.* at 14–15. Defendants also attach Ms. Wiley's affidavit, wherein she states that she has lived in Texas since 2018. Dkt. 7-1. In addition, Ms. Wiley states:

> On October 13, 2021, I bought a home in Waco, Texas, where I continue to reside and intend to remain. This home was my place of residence at the time the subject lawsuit was filed. . . . At the time this lawsuit was filed, it was my intent to remain in Texas.

*Id.* In the Response (Dkt. 9), Plaintiff appears to concede that the parties are not diverse but argues that the absence of diversity with respect to Ms. Wiley is of no jurisdictional moment because she was properly joined pursuant to either Rule 19 or Rule 20 of the Federal Rules of Civil Procedure. *See* Dkt. 9 at 2–3.[2] The Court agrees with Defendants.

A federal court has diversity "jurisdiction of all civil actions where the matter in controversy exceeds . . . $75,000" and is between "citizens of different States." 28 U.S.C. § 1332(a). To satisfy diversity jurisdiction, "the court must be certain that all plaintiffs have a different citizenship from all defendants." *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)). "For natural persons, . . . citizenship is determined by domicile, which requires residency plus an intent to make the place of residency one's permanent home." *SXSW, L.L.C. v. Fed. Ins. Co.*, 83 F.4th 405, 407 (5th Cir. 2023) (citing *Gilbert v. David*, 235 U.S. 561, 568–69 (1915)). Whether the parties are diverse "depends upon the state of things at the time of the action brought." *Grupo Dataflux v.*

---

[2] Most of the Response (Dkt. 9), although varnished with legalese, is unintelligible and lacks any relevance to subject matter jurisdiction. Additionally, while Plaintiff appears to invoke federal question jurisdiction for the first time in the Response (Dkt. 9), the Court lacks any such jurisdiction over state law tort claims like those asserted by Plaintiff. *See, e.g.*, *Elam v. Kan. City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011) ("Under the well-pleaded complaint rule, a federal court does not have federal question jurisdiction unless a federal question appears on the face of the plaintiff's well-pleaded complaint. Accordingly, 'there is no federal question jurisdiction if the plaintiff properly pleads only a state law cause of action.'" (cleaned up)); *Spencer v. White*, No. 24-cv-493, 2024 WL 3048506, at *1 (N.D. Tex. June 3, 2024) (finding no federal question jurisdiction because "the plaintiff is suing the defendants in tort"), *R. & R. adopted*, 2024 WL 3049921 (N.D. Tex. June 18, 2024).

4

*Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004) (quoting *Mollan v. Torrance*, 22 U.S. (9 Wheat.) 537, 539 (1824)).

In the present case, Plaintiff alleges that he has "resided" in Texas for twenty-six years. Dkt. 1 at 4. Plaintiff further alleges that Ms. Wiley is also a "resident" of Texas. *Id.*; *see also* Dkt. 7-1. At the threshold, the Court notes that "an allegation of residency alone 'does not satisfy the requirement of an allegation of citizenship.'" *E.g.*, *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019) (quoting *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984) (per curiam)). Thus, Plaintiff fails to sufficiently allege diversity jurisdiction. However, even if Plaintiff had alleged "domicile" rather than "residence," diversity jurisdiction would be lacking because Plaintiff alleges that both he and Ms. Wiley reside in Texas. *See Getty Oil Corp.*, 841 F.2d at 1258.

Plaintiff's arguments to the contrary are unavailing. According to Plaintiff, the parties need not be completely diverse so long as they are properly joined. *See* Dkt. 9 at 2–3. In other words, Plaintiff asserts that, so long as the joinder of a non-diverse party is appropriate, he need only allege minimal (rather than complete) diversity between the parties. Plaintiff is mistaken. Barring a few inapplicable exceptions, 28 U.S.C. §§ 1332(d), 1335, 1369, every plaintiff must be diverse from every defendant for the Court to exercise diversity jurisdiction. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (citations omitted). Indeed, the absence of "complete diversity . . . contaminates every claim in the action." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 564 (2005). Thus, notwithstanding Plaintiff's erroneous arguments to the contrary, the Court lacks diversity jurisdiction over this case. For this reason, this action should be dismissed without prejudice.

### III. RECOMMENDATION

For the reasons stated above, the Court recommends that the Motion to Dismiss (Dkt. 7) be **GRANTED**.

The Court further recommends that this case be **DISMISSED WITHOUT PREJUDICE** and any pending motion be **DENIED AS MOOT**.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party is entitled to *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *see also Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 3rd day of July, 2024.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE